HARRIS, J.
An officer responding to the Green residence, based on a complaint by a neighbor that Green had threatened to shoot her and then appeared in his yard with a brown and black rifle, arrested Green for having “care, custody, possession or control” of a firearm as a convicted felon. See section 790.23 Fla. Stat. Green, a convicted felon, admits taking a firearm from his wife and, because they were moving from the residence and at his wife’s request, carrying it and other belongings some 75 feet through the yard and placing it into the back of his truck. He filed a C-4 motion alleging these facts and asked the court to dismiss. The State did not traverse the motion and the court dismissed the charge. We reverse.
Even though the State did not deny the allegations of fact contained in the motion, these facts do not show that Green did not commit the offense charged. His receipt showing that his wife purchased the firearm from a pawn shop is immaterial. The felon’s ownership of the weapon he possesses is unnecessary. Green contends that his possession of the rifle must be shown to have been conscious and substantial and not merely involuntary or superficial. His admitted facts show that he consciously and voluntarily took the rifle into his possession and then carried it in his hands some 75 feet to his vehicle. There is no exception to the statute prohibiting a felon from having the care, custody, possession or control of a firearm which would permit Green to move a .22 caliber rifle owned by his wife from one place to another. The jury could find that his unrestricted access to the firearm was a violation of the law.
*1181 It was error for the court to dismiss the case.
REVERSED and REMANDED.
COBB and SHARP, W., JJ., concur.